IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BRIAN JONES,

                Plaintiff,

v.

UNITED PARCEL SERVICE, INC.,

                Defendant.

1:07-cv-2920-WSD

## OPINION AND ORDER

The matter is before the Court on Defendant United Parcel Service, Inc.'s ("Defendant") Motion to Dismiss [2].

Plaintiff Brian Jones ("Plaintiff") is employed by Defendant as a full-time Feeder Driver. Plaintiff alleges that on February 4, 2006, he performed work in the service of Defendant for which he has not been paid. On October 22, 2007, Plaintiff filed a breach of contract claim in the Magistrate Court of Gwinnett County, Georgia. Plaintiff alleges that, "under the terms of the contract[] under which [he works]," he is entitled to be paid for that day of work and additional wages as penalty for Defendant's late payment.

Defendant removed the case to this Court on November 26, 2007. Defendant argues that the Court has federal question jurisdiction over this case because federal labor law preempts Plaintiff's claims.

On November 29, 2007, Defendant moved to dismiss the case for failure to state a claim. Fed. R. Civ. P. 12(b)(6).[1] For the reasons that follow, the Court grants Defendant's Motion to Dismiss.

The Court has jurisdiction over this case through Plaintiff's assertion of a cause of action arising under federal law. 28 U.S.C. § 1331. Plaintiff's statement of a claim asserts a breach of the "contract" under which he works. That "contract" is actually the collective bargaining agreement between Plaintiff's union, the International Brotherhood of Teamsters (the "Teamsters"), and Defendant.[2] Plaintiff's state court claim asserting breach of that collective

---

[1] Plaintiff has not responded to the notice of removal or the Motion to Dismiss, and the Court deems those unopposed. LR 7.1B, NDGa.

[2] Defendant attached to its motion to dismiss several provisions of the collective bargaining agreement between it and the Teamsters. Although the Court normally limits itself on consideration of a motion to dismiss to the allegations of the complaint and the documents filed with the complaint, Fed. R. Civ. P. 12(d), 10(c), the Court may consider documents referred to by Plaintiff in his Complaint without converting the motion to dismiss to one for summary judgment. Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997). Plaintiff explicitly referenced "the contract under which I work" in the Complaint.

bargaining agreement implicates § 301 of the Labor Management Relations Act (the "LMRA").  29 U.S.C. § 185.  It is well-established that a state law cause of action for violation of a collective bargaining agreement is entirely preempted and displaced by federal law under § 301 of the LMRA.  See <u>United Steel Workers of Am. v. Rawson</u>, 495 U.S. 362, 368 (1990) ("State law is thus 'pre-empted' by § 301 in that only the federal law fashioned by the courts under § 301 governs the interpretation and application of collective-bargaining agreements."); <u>Bartholomew v. AGL Res., Inc.</u>, 361 F.3d 1333, 1339 (11th Cir. 2004) ("[T]he plaintiffs' state-law breach of contract claims are substantially dependent upon an analysis of the collective bargaining agreement, [and] they are preempted by § 301."); <u>Agee v. Huggins</u>, 888 F. Supp. 1573, 1578 (N.D. Ga. 1995) ("Section 301 preempts any state law cause of action for violation of a collective bargaining agreement.").  Thus, adjudication of Plaintiff's claim depends on the requirements under federal law for a claim for breach of a collective bargaining agreement.

The law governing motions to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is well-settled.  Dismissal of a complaint is appropriate "when, on

---

The only contract between Plaintiff and Defendant is the collective bargaining agreement.  The Court therefore has considered the collective bargaining agreement in ruling on this Motion to Dismiss.

the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).  In considering a defendant's motion to dismiss, the court accepts the plaintiff's allegations as true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  Ultimately, the complaint is required to contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007).

Defendant argues that federal law requires Plaintiff to fully exhaust any grievance or arbitration remedies provided in the collective bargaining agreement before instituting this claim for breach of the agreement.  The Court agrees.  "It is settled that the employee must at least attempt to exhaust exclusive grievance and arbitration procedures established by the bargaining agreement."  Vaca v. Sipes, 386 U.S. 171, 184-85 (1967); accord DelCostello v. Int'l Broth. of Teamsters, 462 U.S. 151, 163 (1983); Aldred v. Avis Rent-A-Car, 247 Fed. App'x 167, 171 (11th Cir. 2007) ("It has long been established that an individual employee may bring suit against his employer for breach of a collective bargaining agreement. Nevertheless, an employee typically is required to exhaust any grievance or arbitration remedies first.") (internal quotation marks omitted);

Mason v. Continental Group, Inc., 763 F.2d 1219, 1222 (11th Cir. 1985), cert. denied, 474 U.S. 1087 (1986).  An exception to this requirement is that, "[a]n employee may bring suit without attempting to exhaust the remedies provided in the collective bargaining agreement if he can show that the conduct of the employer amounts to a repudiation of the remedial procedures in the agreement or if the union wrongfully refuses to process the grievance."  Redmond v. Dresser Indus., Inc., 734 F.2d 633, 636 (11th Cir. 1984).

The collective bargaining agreement specifically provides a grievance procedure for these sorts of claims.  See Hollyfield Decl., Exh. E.  Plaintiff has not alleged that he engaged any internal grievance proceedings with Defendant before filing his claim in state court or that the Defendant repudiated the remedial provision of the collective bargaining agreement.  Based on Plaintiff's allegations alone, dismissal would be appropriate because he has not satisfied the requirements of federal law.  See Agee, 888 F. Supp. at 1584 n.10 ("Plaintiff's failure to allege exhaustion of his contractual remedies is sufficient to support dismissal of Plaintiff's Complaint.").  The Court notes as well that Defendant's investigation of Plaintiff's claim, which the Court need not accept on a motion to dismiss, also reveals that Plaintiff has not filed a grievance with Defendant under the collective

bargaining agreement. Hollyfield Decl. at ¶ 6. That Plaintiff failed to exhaust the grievance remedies contained in the collective bargaining agreement, is a further reason this case should be dismissed.

Defendant also argues that Plaintiff failed to allege that the Teamsters breached its duty to fairly represent him. Section 301 claims require the plaintiff "to show both that the employer violated the terms of the collective-bargaining agreement and that the union breached its duty of fair representation." Bartholomew, 361 F.3d at 1342; see also Thomas v. Ford Motor Co., No. 1:98-CV-2809-JOF, 2000 WL 951733 (N.D. Ga. Feb. 10, 2000) ("[A] plaintiff must prevail upon his unfair representation claim before he may even litigate the merits of his § 301 claim against the employer."). Plaintiff's allegations do not mention whether the Teamsters fairly represented him. In the absence of any breach of the Teamsters' duty of fair representation, Plaintiff cannot assert a cause of action under § 301.

Because Plaintiff has not exhausted the grievance remedies of the collective bargaining agreement and because his allegations do not adequately state a claim under federal law, the Court is required to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(6).

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant United Parcel Service, Inc.'s Motion to Dismiss [2] is **GRANTED**.

**SO ORDERED** this 31st day of January 2008.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE